ACCEPTED
15-25-00005-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
9/5/2025 11:19 AM
CHRISTOPHER A. PRINE
CLERK

**No. 15-25-00005-CV**

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
9/5/2025 11:19:07 AM
CHRISTOPHER A. PRINE
Clerk

**In the
Fifteenth Court of Appeals**

JOHNNY PARTAIN,
*Plaintiff –Appellant,*
v.

STATE OF TEXAS,
*Defendant –Appellee.*

On Appeal from the
126th Judicial District Court, Travis County, Texas

## STATE OF TEXAS'S RESPONSE TO APPELLANT'S EMERGENCY MOTION TO DISMISS THE DISTRICT COURT CASE FOR MOOTNESS

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy Attorney General for Civil
Litigation

AUSTIN KINGHORN
Deputy Attorney General for Civil
Litigation

KIMBERLY GDULA
Chief, General Litigation Division

Ali Thorburn
Texas Bar No. 24125064
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(737) 330-4404
FAX: (512) 320-0667
ali.thorburn@oag.texas.gov
Counsel for Appellee

**INTRODUCTION**

Appellant Johnny Partain ("Partain") filed a fraudulent financing statement (the "Fraudulent Financing Statement") claiming a security interest in all State property. C.R. at 201-02. Partain used the Financing Statement to try to take State property. C.R. at 202. Partain does not deny he filed the Financing Statement or that he tried to take State property. Partain's Emergency Motion to Dismiss the District Court Case for Mootness ("Partain's Motion") p. 4 ("the State of Texas compensated Partain for the debt mostly through execution on Partain's UCC lien"). Instead, Partain insists it was his constitutional right to do so. Partain's Motion pp. 3-4 (claiming Partain "was compensated for that debt as per US and Texas constitutional requirements for just and adequate compensation").

Partain bases this "constitutional right" in a misreading of case law, wherein he concludes that because a cause of action accrues upon an unconstitutional taking, he has the right to self-execute his compensation however he pleases the moment he believes an unconstitutional taking occurred. Appellant's Brief at 10-11. So, despite a Hidalgo County Court's order[1] dismissing Partain's takings claims with prejudice (C.R. at 59), Partain

---

[1] *Partain v. Guerra et al.*, No. C-0929-12-F (Hidalgo County Judicial District 332, Tex. Nov. 2, 2021) (dismissing Partain's takings claims with prejudice) ("the Hidalgo County Case").

filed the Fraudulent Financing Statement and attempted to take State property to "compensate" himself (Partain's Motion p. 4). Partain believes he now owns State property and is therefore fully compensated for Texas's alleged taking against him. Partain's Motion p. 1, 4. The State disputes that a taking occurred and disputes that Partain's attempts to take State property "compensated" him for such alleged taking.

On July 24, 2025, Partain filed an affidavit in the Hidalgo County Case stating he had been fully compensated by the State for the alleged taking and thus his claims were moot. A certified copy of this affidavit is attached to this Response as State Exhibit 1 and incorporated herein.[2] Five days later, on July 29, 2025, the Hidalgo County Court entered an order (the "Hidalgo Order") dismissing the Hidalgo County Case as moot. Partain's Motion Ex. 1. It is this order Partain claims moots the present case. Partain's Motion p. 5. The State now files this Response to Partain's Motion.[3]

---

[2] The State requests this Court take judicial notice of the affidavit signed and filed by Johnny Partain in the Hidalgo County Case attached as State's Exhibit 1.

[3] In Partain's Certificate of Conference, he asserts that he attempted to contact the State regarding its position on his Motion and did not receive a response. To clarify, Partain contacted the State regarding his Motion at 9:53 A.M. and stated "I will be motioning the 15th Court of Appeals to dismiss the case. Are you opposed." Partain filed the Motion just hours later before the State had responded regarding its position. After the State reviewed Partain's Motion, it communicated its opposition to the relief sought.

This Court should deny Partain's Motion because the present case is not moot and Partain's other arguments for dismissal are not properly before this Court.

## I. The Hidalgo Order Does Not Moot the Present Case.

"The party asserting [mootness] must prove that intervening events make it 'impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Texas Dep't of Fam. & Protective Servs. v. Grassroots Leadership, Inc.*, No. 23-0192, 2025 WL 1642437, at *13 (Tex. May 30, 2025) (citing *In re Dallas Cnty.*, 697 S.W.3d 142, 151 (Tex. 2024). "A case becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties—that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012). "Put simply, a case is moot when the court's action on the merits cannot affect the parties' rights or interests." *Id.* at 162.

Partain claims the Hidalgo Order moots the present case because it "destroys the state's standing[,]" "directly contradict[s] the State of Texas" in the present case, and precludes this Court from offering relief to any parties because Partain's collection of State property "has been recognized as being

just and adequate compensation[.]" Partain's Motion pp. 3, 5. Partain is incorrect on all points.

A. The Hidalgo Order Does Not Condone the Taking of State Property without Consent.

The Hidalgo Order comes on the heels of an affidavit Partain filed requesting the Hidalgo County Court dismiss the case as moot because he had been fully compensated and had no interest in pursing the case further. State Ex. 1. There is no evidence the Hidalgo County Court knew how Partain "compensated" himself or why Partain feels he was "compensated." The Hidalgo County Court's acceptance of Partain's claim that he was compensated cannot be construed to condone or affirm the efficacy or the methods Partain took to "compensate" himself.

The only holdings to glean from the Hidalgo Order are (1) Partain believes he was fully compensated, (2) because Partain believes he has been fully compensated and no longer wishes to pursue the case, the claims are moot, and (3) all prior orders are vacated, and the entire case is dismissed with prejudice. Ex. 1. None of these holdings require or imply that Partain has the constitutional right to file fraudulent financing statements or take State property without consent.

B. <u>The Hidalgo Order is Consistent with the District Court's Ruling in the Present Case.</u>

The relevant question presented in the Hidalgo County Case was whether Partain suffered an unconstitutional taking. *See Partain v. Guerra et al.*, No. C-0929-12-F (Hidalgo County Judicial District 332, Tex. Nov. 2, 2021); *see also* C.R. at 59-79. The questions presented in the present case are whether Partain filed a fraudulent financing statement and whether Partain's attempts to enforce that financing statement cause the State irreparable harm.

While the outcome of the Hidalgo County Case explains Partain's actions in the present case, the outcome of the present case is not dependent on the Hidalgo County Case. In fact, in making its ruling in the present case, the district court specifically assumed the State *did* owe Partain a debt. R.R. Vo. 2 at 70. ("But the -- let me begin with the saying let's assume that the debt is valid. Let's assume the State owes you money. Let's just make that assumption and not go behind that."). Even assuming Partain had a valid debt, the district court still properly held that Partain did not have a security interest in State property and Partain could not take State property without the State's consent. R.R. Vol. 2 at 70-72. Thus, even assuming arguendo that the Hidalgo Order meant the State committed a taking, it still would have no effect on the present case.

C. <u>The Hidalgo Order Does Not Affect the State's Standing.</u>

Standing requires a plaintiff suffer an actual, concrete injury in fact that is traceable to the conduct of the defendant and redressable by the court. *Heckman*, 369 S.W.3d at 155. The State was injured by Partain's filing of the Fraudulent Financing Statement and Partain's attempts to take State property without the State's consent. C.R. at 48, 202. This conduct is traceable to Partain. C.R. at 49-50, 201-02. This harm was redressed by the district court's declaration that Partain did not have a security interest in State property, release of the Fraudulent Financing Statement, and entry of an injunction against Partain. *See* C.R. at 50-51, 201-03. This harm will continue to be redressed by this Court's affirmance of the district court's order in full. The Hidalgo Order has no effect on these facts and thus no effect on the State's continued standing. *See supra* I(B).

D. <u>The Hidalgo Order Does Not Moot the Present Case.</u>

Partain has not proven that the Hidalgo Order makes it impossible for the Court to grant relief in the present case. *See Grassroots Leadership, Inc.*, No. 23-0192, 2025 WL 1642437, at *13. The issue before this Court is whether the district court properly declared the Fraudulent Financing Statement fraudulent, void and unenforceable, properly ordered its release, and properly enjoined Partain from attempting to enforce it and from filing

further fraudulent financing statements claiming State property absent a valid security agreement. Appellee's Brief at 3. The Hidalgo Order did not address this issue. (*see supra* I(A)).

This Court's decision will affect the rights of the parties in the present case. Should this Court agree with Partain and dismiss the district court's case, the State's property rights will be affected in that Partain will be allowed to violate the law and take State property without the State's consent. *See* Partain's Motion p. 4. Should the Court agree with the State, the State's harm will continue to be redressed. Notably, Partain requests affirmative relief from the Court in his own Motion, illustrating this Court's ongoing ability to grant effectual relief to both parties. Partain's Motion p. 7 (requesting the Court "order the State of Texas to return Partain's property that it took").

As such, Partain has not proven the Court is unable to grant relief in the present case. *See Grassroots Leadership, Inc.*, No. 23-0192, 2025 WL 1642437, at *13. To the contrary, the Court's decision will greatly affect the rights and interests of the parties, rendering the case live and justiciable.

## II. Partain's Additional Arguments for Dismissal Are Not Properly Before This Court.

The Texas Rules of Appellate Procedure do not permit an appellant to raise new issues not included in the appellant's original brief. TEX. R. APP. P. 38.1(f); *see e.g. Lopez v. Montemayor*, 131 S.W.3d 54, 61 (Tex. App.–San

Antonio 2003, pet. denied) ("A reply brief is not intended to allow an appellant to raise new issues"); *see also Hampton v. Equity Tr. Co.*, 607 S.W.3d 1, 6 (Tex. App.–Austin 2020, pet. denied). Here, the briefing process has been complete for months. Appellant's Reply at 15 (certifying Appellant's Reply Brief was served on May 28, 2025). The time for new arguments has long passed.

Nevertheless, Partain now asserts new reasons the Court should grant essentially the same relief Partain requested in his Appellant's Brief. *See* Partain's Motion p. 7; *see also* Appellant's Brief at 40. Specifically, Partain claims (1) the present case is parallel litigation to the Hidalgo County Case and the Hidalgo County Case had dominant jurisdiction and (2) the present case was brought in the wrong venue. Partain's Motion pp. 3-4.

These additional reasons are not caused by intervening events but were present when Partain filed his Appellant's Brief, yet Partain did not raise them in his Appellant's Brief (Appellant's Brief at 10-40) or even in his Reply Brief (Appellant's Reply Brief at 1-14). These arguments are not subsidiary to or remotely intertwined with any argument raised in Partain's Appellant's Brief. *See Stovall & Assocs., P.C. v. Hibbs Fin. Ctr., Ltd.*, 409 S.W.3d 790, 803 (Tex. App.–Dallas 2013, no pet.). Because Partain's new arguments would not be properly before this Court if they were presented in a *reply*

brief, they are certainly not properly before this Court in Partain's second post-brief Motion and should not be considered. *See* TEX. R. APP. P. 38.1(f).

### III. Even if Properly Before This Court, Partain's Additional Arguments for Dismissal Fail on the Merits.

Even if Partain's new arguments were properly before this Court, they fail on the merits. As discussed *supra*, while the Hidalgo County Case provides context for the present case, the present case is not so inherently intertwined with the Hidalgo County Case that the dominant jurisdiction rule applies. *See In re J.B. Hunt Transport, Inc.*, 492 S.W.3d 287, 294 (Tex. 2016) (applying the dominant jurisdiction rule when a claim was not the subject of a pending action at the time of filing and the subject matter of the claim in the other suits otherwise satisfied the compulsory counterclaim rule); *see also* TEX. R. CIV. P. 97(a). Also, venue is proper in Travis County because the main event giving rise to the claim was the filing of the Fraudulent Financing Statement and the Fraudulent Financing Statement was filed in Travis County. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1); C.R. at 9.

### CONCLUSION

The State respectfully requests this Court deny Appellant Johnny Partain's Emergency Motion to Dismiss the District Court Case for Mootness and affirm the district court's ruling.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy Attorney General for Civil Litigation

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief, General Litigation Division

Ali Thorburn
Texas Bar No. 24125064
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(737) 330-4404
FAX: (512) 320-0667
ali.thorburn@oag.texas.gov
Counsel for Appellee

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel certifies that this Appellee Brief complies with Texas Rule of Appellate Procedure 10 relating to Motions in the Appellate Courts. The text is a conventional typeface set to 14-point and the number of words in the document, not counting excepted sections, as calculated by the word count feature of Microsoft Word is 2,376.

/s/ Ali Thorburn
ALI THORBURN
Assistant Attorney General

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that the above and foregoing instrument has been served on all counsel of record in accordance with the Texas Rules of Appellate Procedure on this September 5th, 2025, through the electronic filing system, email, regular mail, and Certified Mail, return receipt requested.

Johnny Partain          *Plaintiff –Appellant*
7020 N. 16th Street
McAllen, Texas 78504
partain@atlastechnologies.biz
CM/RRR#: 9589 0710 5270 0480 2519 06


/s/ Ali Thorburn
ALI THORBURN
Assistant Attorney General

**No. 15-25-00005-CV**

---

**In the
Fifteenth Court of Appeals**

---

JOHNNY PARTAIN,
*Plaintiff –Appellant*,
v.

STATE OF TEXAS,
*Defendant –Appellee.*

---

On Appeal from the
126th Judicial District Court, Travis County, Texas

---

**APPENDIX TO STATE OF TEXAS'S RESPONSE TO
APPELLANT'S EMERGENCY MOTION TO DISMISS THE
DISTRICT
COURT CASE FOR MOOTNESS**

---

| Document | Appx. |
|---|---|
| Certified Affidavit of Johnny Partain............................................................16 | |

# Exhibit 1

## AFFIDAVIT

STATE OF TEXAS     ‡

         ‡

COUNTY OF HIDALGO   ‡

  BEFORE ME, the undersigned authority, personally appeared Johnny Partain, who after being duly sworn, on oath says that he/she is over twenty one (21) years of age, is of sound mind and fully competent to make and execute this affidavit. Johnny Partain did swear and state upon his oath as follows:

  I, Johnny Partain, have been adequately and justly compensated by the State of Texas for my property which was taken, used, or destroyed, pursuant to Hidalgo County District case no. C-0929-12-F. I have no further interest in seeking relief in this case on any causes of action or any events which arose, or may have arisen, in this case.

Affiant further sayeth not.

_____
JOHNNY PARTAIN

  SUBSCRIBED AND SWORN BEFORE ME, the undersigned authority, on this 24th day of July, 2025.

8/12/2025

DATE_____

A true copy I certify
HINOJOSA
Dist... ... ...algo ...nt... Texas
By_____

_____
NOTARY PUBLIC, STATE OF TEXAS

KEVIN B. GONZALEZ
NOTARY PUBLIC
STATE OF TEXAS
ID. 134379509
EXP. 05-26-2027

16

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ariana Ines on behalf of Ali Thorburn
Bar No. 24125064
ariana.ines@oag.texas.gov
Envelope ID: 105251723
Filing Code Description: Response
Filing Description: STATE OF TEXASS RESPONSE TO APPELLANTS EMERGENCY MOTION TO DISMISS THE DISTRICT COURT CASE FOR MOOTNESS
Status as of 9/5/2025 12:49 PM CST

Associated Case Party: STATE OF TEXAS Ali Thorburn Assistant Attorney General

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Zachary L.Rhines | | zachary.rhines@oag.texas.gov | 9/5/2025 11:19:07 AM | SENT |
| Ali Thorburn | | ali.thorburn@oag.texas.gov | 9/5/2025 11:19:07 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ariana Ines | | ariana.ines@oag.texas.gov | 9/5/2025 11:19:07 AM | SENT |

Associated Case Party: JOHNNYPARTAIN

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Johnny Partain | | partain@atlastechnologies.biz | 9/5/2025 11:19:07 AM | SENT |